UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROBERT E. GARCIA SR. and LANCE CRUELL,

                Plaintiffs,

        -against-                    **MEMORANDUM AND ORDER**
                                                     22-CV-5086 (PKC)

CITY OF NEW YORK and LEGAL AID SOCIETY
CRIMINAL JUSTICE UNIT,

                Defendants.
------------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On August 25, 2022, Plaintiffs Robert E. Garcia, Sr. and Lance Cruell, filed the instant *pro se* action, pursuant to 42 U.S.C. § 1983, against the City of New York and the Legal Aid Society Criminal Justice Unit ("Legal Aid Society"). The Court grants Plaintiffs' applications for *in forma pauperis* status. For the reasons discussed below, Plaintiffs' claims are dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiffs allege that the Legal Aid Society violated the constitutional rights of detainees held at Rikers Island.[1] (Complaint, Dkt. 1, at ECF[2] 6.) Plaintiffs assert that as a result of the Legal Aid Society's handling of discovery and bills of particulars, detainees were held for years without receiving necessary paperwork. (*Id.*) Plaintiffs are seeking 100 million dollars in damages on their behalf and on behalf of twenty-two individuals that they name in the complaint. (*Id.*)

---

[1] Plaintiffs do not allege that they are or were pretrial detainees at Rikers Island.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* ("IFP") action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

**I.     Claims Asserted on Behalf of Others**

The Court notes that Garcia and Cruell name twenty-two individuals in the complaint and appear to seek to bring claims on behalf of these individuals. (Dkt. 1, at ECF 3, 6.) The statute that governs appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting

2

*Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). It does not appear that Plaintiffs are attorneys who are licensed to practice law and therefore Plaintiffs do not have legal standing to assert claims for anyone other than themselves. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Walker v. Wuchte*, No. 22-CV-1532, 2022 WL 2161180 (HG) (AYS), at *1 n.1 (E.D.N.Y. June 15, 2022). Accordingly, the Court construes the Complaint as asserting claims solely on behalf of Garcia and Cruell, who are the only individuals who signed the complaint and submitted IFP applications, and dismisses without prejudice all claims asserted on behalf of the twenty-two individuals listed in the Complaint.

## II.     Plaintiffs' § 1983 Claims

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the

3

conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *Eckert v. Toulon*, No. 21-CV-02650, 2022 WL 74158 (JMA) (JMW), at *3 (E.D.N.Y. Jan. 6, 2022). **A.    The City of New York**

Plaintiffs have failed to state a Section 1983 claim against the City of New York. To hold a municipality liable under Section 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional" or other federal right. *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020); *Wong v. City of New York*, No. 19-CV-6900 (RPK) (VMS), 2021 WL 768136, at *5 (E.D.N.Y. Feb. 26, 2021). Plaintiffs fail to allege any facts to support an inference that an official policy or custom of the City of New York caused a violation of any federally protected right. *See* 28 U.S.C. § 1915(e)(2)(B).[3]

---

[3] While courts have found that a municipality can be liable under Section 1983 for failing to provide adequate criminal legal representation as required by the Sixth Amendment, *see e.g.*, *Wilbur v. City of Mount Vernon*, 989 F.Supp.2d 1122, 1132 (W.D.WA., Dec. 4, 2013) ("The Court finds that the combination of contracting, funding, legislating, and monitoring decisions made by the policymaking authorities for the Cities directly caused the truncated case handling procedures that have deprived indigent criminal defendants in Mount Vernon and Burlington of private attorney/client consultation, reasonable investigation and advocacy, and the adversarial testing of the prosecutor's case. The Cities are therefore liable under § 1983 for the systemic Sixth Amendment violation proved by plaintiffs.") (citing *Miranda v. Clark County,* 319 F.3d 465 (9th Cir. 2003) (finding that county could be liable for constitutional deprivations arising from funding and case assignment policies); *Clay v. Friedman,* 541 F.Supp. 500, 502, 505–06 (N.D. Ill. 1982) (finding that administrative head of public defender's office could be liable for non-representative decision-making and that county could be liable for promulgating policies and customs that led to the constitutional deprivation)), Plaintiffs make no allegations to support such a claim. Indeed, Plaintiffs do not reference the City of New York at all after naming it as a defendant.

### B. The Legal Aid Society

The Legal Aid Society and its employees are not state actors and do not act under color of state law when defending clients for whom they are appointed. *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *Caroselli v. Curci*, 371 F. App'x 199, 201 (2d Cir. 2010) (summary order) (noting that the New York State Legal Aid Society was not a state actor amenable to suit under Section 1983); *Joseph v. S. Ct. of New York*, No. 21-CV-1685, 2021 WL 2414291 (PKC) (PK), at *3 (E.D.N.Y. June 14, 2021); *Szabo v. Legal Aid Soc'y*, No. 17-MC-219, 2017 WL 1401296 (PKC), at *4 (E.D.N.Y. Apr. 19, 2017) ("The Legal Aid Society and its attorneys . . . are not State actors amenable to suit under Section 1983." (citations omitted)).

Further, court-appointed attorneys, including attorneys associated with legal aid organizations, do not act under color of state law when they perform traditional functions of counsel. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) (summary order) (affirming summary judgment in defendant's favor because a court-appointed attorney from the Legal Aid Society did not act under color of state law when representing a client). Because Plaintiffs have failed to plead facts demonstrating that the Legal Aid Society acted under color of state law when allegedly violating their rights, all claims against the Legal Aid Society must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### III. Denying Opportunity to Amend

Under Rule 15(a), "leave to amend shall be freely given when justice so requires." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *see* Fed. R. Civ.

P. 15(a). Nevertheless, "it is within the sound discretion of the district court to grant or deny leave to amend," *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009), and leave to amend may be denied for, among other reasons, futility. *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213–14 (2d Cir. 2011). Amendment is futile where a Plaintiff cannot, in good faith, add allegations that would enable the complaint to survive a motion to dismiss. *Quinio v. Aala*, No. 19-CV-4686 (PKC) (SJB), 2022 WL 21125, at *5 (E.D.N.Y. Jan. 3, 2022) (citing, *inter alia, Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 235 (2d Cir. 2007)). Here, allowing Plaintiffs leave to amend would be futile. For the reasons stated above, Plaintiffs cannot bring claims on behalf of others; Plaintiffs fail to state any relevant facts or allegations regarding the City of New York; and Section 1983 claims against Legal Aid attorneys are improper. Plaintiffs cannot, in good faith, add allegations that would enable their Complaint to state a plausible claim for relief.

## CONCLUSION

Plaintiffs' Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Brooklyn, New York
Dated: October 19, 2022